DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **Matrix Financial Services Corp.**, <br><br>    Plaintiff, <br><br>    v. <br><br> **Lance S. Michels** a/k/a Lance Stephens Michels and **Kimmisha N. Mullet**, Husband and Wife, and **Administrator of the U.S. Small Business Administration**, an agency of the Government of the United States of America, <br><br>    Defendants. | No. 1:22-cv-00046 |

# Complaint

## Parties

1. This is an action for foreclosure of lien upon real property brought pursuant to V.I. Code Ann. tit. 28, §§ 531-38.

2. Plaintiff **Matrix Financial Services Corp.** ("**Matrix**") is a corporation organized under the laws of the state of Arizona with its principal place of business located at 601 Carlson Pkwy, Ste 1400, Minnetonka, MN 55305 and is a citizen of Arizona for diversity purposes.

3. Defendant **Lance S. Michels**, a/k/a Lance Stephens Michels ("**Michels**") is an individual and, upon information and belief, is a citizen of U.S. Virgin Islands for diversity purposes.

4. Defendant **Kimmisha N. Mullet** ("**Mullet**") is an individual and, upon information and belief, is a citizen of the U.S. Virgin Islands for diversity purposes.

22085.2265

Case: 1:22-cv-00046-WAL-EAH   Document #: 1   Filed: 08/04/22   Page 2 of 7

Complaint
*Matrix Financial Services Corp. v. Lance S. Michels*, et al.
Page 2 of 7

5. Defendant **Administrator of the U.S. Small Business Administration** ("**SBA**") is an agency of the United States government.

## Jurisdiction and Venue

6. This Court has subject-matter jurisdiction over this matter under 48 U.S.C. § 1612(a) and 28 U.S.C. § 1332 as complete diversity exists between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000 exclusive of costs and fees.

7. This Court has personal jurisdiction over defendants who are domiciled or otherwise subject to service of process within the territorial limits of this Court. Under the Virgin Islands long-arm statute, V.I. Code Ann. tit. 5, § 4903(a)(5), this Court has personal jurisdiction over any defendant who is not domiciled in the U.S. Virgin Islands but who has an interest in, uses, or possesses real property in the territory.

8. Venue in the District of St. Croix is proper under 28 U.S.C. § 1391(b) because the real property that is the subject of this action is located in that district.

## Facts

### The Property

9. At all times relevant to the origination of the mortgage loan that is the subject of this action, Michels held title to real property ("**Property**") described as:

> Plot Nos. 48-C and 49-B (comprising 0.4147 and 0.7673 U.S. acres, more or less, respectively), Estate La Grande Princesse, Company Quarter, St. Croix, U.S. Virgin Islands, as more particularly shown on OLG Drawing No. 1362, dates March 4, 1962

Case: 1:22-cv-00046-WAL-EAH  Document #: 1  Filed: 08/04/22  Page 3 of 7

Complaint
*Matrix Financial Services Corp. v. Lance S. Michels*, et al.
Page 3 of 7

by means of a Warranty Deed dated February 22, 2017, which was recorded in the Office of the Recorder of Deeds ("**Recorder**") for the District of St. Croix on March 30, 2017, at Book 1466, Page 251, Doc. No. 2017001217.

### The Note

10. On March 27, 2017, Michels executed and delivered to Flagstar Bank, FSB ("**Flagstar**") a promissory note ("**Note**") promising to pay the principal amount of $172,500.00, together with interest at the annual rate of 5.250%. The Note was subsequently conveyed to Matrix.

11. Pursuant to the terms of the Note, Michels agreed to make equal consecutive monthly installments of principal and interest in the amount of $952.55 beginning May 1, 2017, until all amounts are fully paid, but no later than April 1, 2047.

12. The Note further provides that any monthly payment that is not received by the end of 15 calendar days after the date that it is due shall be subject to a late fee that is calculated as 5.000% of any overdue payment of principal and interest.

### The Mortgage

13. To secure payment of the Note, Michels and Mullet gave a first priority mortgage ("**Mortgage**") dated March 27, 2017, over the Property to Flagstar and Mortgage Electronic Registration Systems, Inc. ("**MERS**") as nominee for Flagstar and its successors and assigns. The Mortgage was recorded with the Recorder on March 30, 2017, at Book 1466, page 254, Doc. No. 2017001218.

14. The Mortgage provides that Michels and Mullet shall make all payments as required by the Note when due.

Case: 1:22-cv-00046-WAL-EAH   Document #: 1   Filed: 08/04/22   Page 4 of 7

Complaint
*Matrix Financial Services Corp. v. Lance S. Michels*, et al.
Page 4 of 7

### The Mortgage Assignment

15. On or about May 19, 2020, MERS, for itself and as nominee for Flagstar, assigned its entire interest in the Property to Matrix ("**MERS Assignment**"). The MERS Assignment was recorded with the Recorder on May 28, 2020, at Book 1576, page 66, Doc. No. 2020001370.

### The SBA Lien

16. On or about April 3, 2018, SBA recorded a Mortgage in the amount of $132,200.00 against the Property with the Recorder, which was recorded at Book 1496, page 474, Doc. No. 2018001239 ("**SBA Lien**"). SBA is named to this action pursuant to 28 V.I.C. § 521 because the SBA Lien is subordinate to the Mortgage.

17. All conditions precedent to the maintenance of this action have occurred, been performed, or been excused.

## Causes of Action

### Count One:  Foreclosure of Lien upon Real Property

*(v. All Defendants)*

18. Matrix realleges all the preceding paragraphs and incorporates them by reference.

19. Matrix has actual possession of and ownership rights to the Note and Mortgage, thereby entitling it to maintain this foreclosure action.

20. On or about March 1, 2020, Michels defaulted under the terms and conditions of the Note, in that monthly installments of principal and interest became due under the Note and remained unpaid.

Case: 1:22-cv-00046-WAL-EAH   Document #: 1   Filed: 08/04/22   Page 5 of 7

Complaint
*Matrix Financial Services Corp. v. Lance S. Michels*, et al.
Page 5 of 7

21. Likewise, Michels and Mullet defaulted under the terms and conditions of the Mortgage, in that monthly installments of principal, interest, and other charges became due under the Note and Mortgage and remained unpaid.

22. Matrix gave notice of default to Michels by correspondence dated March 4, 2022, advising him that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien.

23. To date, the default has not been cured and Michels remains in default under the terms of the Note and Mortgage, in that principal, accrued interest, and other amounts due and owing to Matrix under the Note remain unpaid and outstanding.

24. There is currently due and owing to Matrix from Michels an unpaid principal balance, plus accrued interest, advances, expenses, fees, costs, and late charges.

25. In accordance with the terms of the Note and Mortgage, Matrix has accelerated all unpaid principal and accrued interest currently outstanding under the Note and made them immediately due and payable.

26. Matrix's mortgage lien is superior to the SBA Lien.

27. Under the terms of the Mortgage, Matrix is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with respect to the Property.

28. Under the terms of the Note and Mortgage, Matrix is entitled to be reimbursed for reasonable attorneys' fees and other expenses that it incurs to enforce payment of the Note or incidental to foreclosure of the Property.

29. Matrix is entitled to foreclosure of its lien upon the Property, foreclosure of all right, title, and interest in the Property held by Michels and Mullet, the foreclosure of

Complaint
*Matrix Financial Services Corp. v. Lance S. Michels*, et al.
Page 6 of 7

the lien of SBA and , the sale of the Property to satisfy the Note, and the recovery of any deficiency from Michels. 28 V.I.C. § 531.

# Prayer for Relief

WHEREFORE, Matrix requests the following relief:

1. Judgment declaring that Michels defaulted under the terms of the Note to exercise all remedies provided for in that instrument;

2. Judgment declaring that Michels and Mullet defaulted under the terms of the Mortgage, thereby entitling Matrix to exercise all remedies provided for in that instrument;

3. Judgment that Michels is indebted to Matrix for unpaid principal due under the Note, plus accrued interest, per diem interest, advances, fees (including attorneys' fees), costs (including legal costs), and late charges;

4. Judgment for all additional interest, costs, expenses, and attorneys' fees that Matrix incurs as the result of the breach of the Note and Mortgage, whether accruing during the pendency of this matter or otherwise;

5. Judgment foreclosing the Mortgage lien of Matrix;

6. Judgment foreclosing the lien of SBA;

7. Judgment ordering that the Property be sold and that Matrix be paid from the proceeds of the sale all amounts due on the Note, including but not limited to any sums that Matrix may pay for insurance premiums, taxes, or other charges with respect to the Property either prior to or during the pendency of this action, with interest from the date of payment;

8. Judgment declaring that Michels and Mullet and all persons claiming from and under them are barred and forever foreclosed of all right, title lien, claim, and equity of redemption in and to the Property, subject only to the statutory right of redemption except where waived and released;

9. Judgment against Michels for any deficiency that may remain after the sale of the Property;

10. An order appointing a receiver, if requested by Matrix, to collect and receive the rents and profits of the Property, if any, during the pendency of this action; and

11. Judgment awarding Matrix such other and further relief as is just and equitable.

Case: 1:22-cv-00046-WAL-EAH    Document #: 1    Filed: 08/04/22    Page 7 of 7

Complaint
*Matrix Financial Services Corp. v. Lance S. Michels*, et al.
Page 7 of 7

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 4, 2022 | /s/ A.J. STONE III, ESQ. |

A.J. Stone III, Esq.
V.I. Bar No. 823
BOLTNAGI PC
Merchants Financial Center
4608 Tutu Park Mall, Ste. 202
St. Thomas, VI  00802-1816
(340) 774-2944 Telephone
(340) 776-1639 Facsimile
ajstone@vilaw.com

Attorneys for Plaintiff
Matrix Financial Services Corp.